IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SU HEON KIM and BY FOR THE CLEANERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EIU SOEB KIM, GREEN SENSE MACHINERY & SERVICES, CHANG HI KIM, BY FOR THE CLEANERS CO., LTD., CHANG SHIK PARK, MYUNG KYU MOON, JU'S SMART MIST, INC., and DONG IL YU, <br><br> Defendants. | No. 04 C 1649 <br><br> Judge Robert W. Gettleman |
| EUI SEOB KIM, BY FOR THE CLEANERS, CO., LTD., and CHANG HI KIM, <br><br> Plaintiffs, <br><br> v. <br><br> SU HEON KIM, and BY FOR THE CLEANERS, INC., <br><br> Defendants. | No. 04 C 5209 <br><br> Judge Robert W. Gettleman |

### MEMORANDUM OPINION AND ORDER

Plaintiffs, Su Heon Kim and By For The Cleaners, Inc., has brough a fourteen-count complaint against eight defendants: Eui Seob Kim (no relation to plaintiff); Chang Hi Kim (also no relation to plaintiff); Chang Shik Park (hereinafter, "Park"); Myung Kyu Moon ("Moon"); Green Sense Machinery & Services ("Green Sense"); By For the Cleaners, Co., Ltd ("BFTC Co."); Ju's Smart Mist, Inc. ("Smart Mist"); and Dong Il Yu ("Yu").

Plaintiffs allege the following claims against all defendants: violation of Section 43(a) of the Lanham Act (Count I); common law unfair competition (Count II); common law trademark infringement (Count III); and violation of the Illinois Deceptive Trade Practices Act (Count IV). In addition, plaintiffs allege: (1) libel against Eui Seob Kim, Chang Hi Kim, Park, and BFTC Co. (Count V); (2) libel against Park (Count VI); (3) slander against Eui Seob Kim and Green Sense (Count VII); (4) breach of distribution contract against Chang Hi Kim (Count VIII); (5) breach of sales contract against Chang Hi Kim, Park, Moon, and BFTC Co. (Count IX); (6) tortious interference with contractual relations against Eui Seob Kim, Park, Moon, Green Sense, and BFTC Co. (Count X); (7) tortious interference with contractual relations against Chang Hi Kim, Park, and Moon (Count XI); (8) tortious interference with prospective economic advantage against Eui Seob Kim, Chang Hi Kim, Park, Moon, Green Sense, and BFTC Co. (CountXII); (9) entitlement to declaratory judgment against Eui Seob Kim (Count XIII); and, alternatively, (10) entitlement to declaratory judgment for a shop right against Eui Seob Kim (Count XIV).

Defendants Eu Seob Kim, Chang Hi Kim, Green Sense, and BFTC Co., Ltd. have moved to dismiss Counts V and VII for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for a more definite statement of facts as to Counts X, XI, and XII pursuant to Rule 12(e). For the reasons set forth below, the motions are denied.

## BACKGROUND

When considering a motion to dismiss for failure to state a claim, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences therefrom in favor of the plaintiffs. Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir.

2000). Plaintiffs' allegations, taken from the complaint as relevant to the instant motion, are set forth below.

Plaintiff Su Heon Kim owns plaintiff By For The Cleaners, Inc., through which he develops, manufactures, and sells dry cleaning products. Defendant Eui Seob Kim (no relation to plaintiff) is in the business of repairing and servicing dry cleaning equipment through a business he at least partially owns, defendant Green Sense. Defendants Chang Hi Kim, Park, and Moon (also no relation to plaintiff) are residents of the Republic of Korea and are shareholders of BFTC Co., a Korean corporation also partially owned by defendant Eui Seob Kim.

Plaintiff Kim and defendant Eui Seob Kim met at a dry cleaning trade show in the spring of 2002 through a mutual acquaintance, defendant Park. At the time, Plaintiff Kim was developing a new method of cleaning, referred to as "wet cleaning," which would require the development and construction of specially designed washing equipment. In November 2002, upon the advice of Park, plaintiff Kim arranged for defendant Chang Hi Kim and BFTC Co. to construct the wet cleaning equipment, and hired defendant Eui Seob Kim to oversee and assist in the manufacture.

By May 2003, plaintiffs had begun to purchase, under contract, the completed wet cleaning equipment from BFTC Co. and, thereafter, to sell the equipment through a number of unnamed distributors in specific territories. As part of this distribution plan, plaintiff By For The Cleaners, Inc. and defendant Chang Hi Kim entered into an exclusive distributorship contract granting defendant Chang Hi Kim the right to sell certain wet cleaning equipment in a portion of the northeastern United States.

Disputes over the intellectual property and patent rights to the wet cleaning equipment developed between the parties, and on November 12, 2003, defendants Eui Seob Kim, Chang Hi Kim, Moon, Park, and BFTC Co. sent a "Notice of Warning Stopping Business and Supplying" to plaintiffs, effectively terminating all business between plaintiffs and defendants. This Notice of Warning also contained a list of grievances, falsely accusing plaintiffs of misappropriating funds, being untrustworthy, betraying associates, lacking technological skills, being insecure in their business, and further claiming that defendant Eui Seob Kim, not plaintiff Kim, was the rightful owner of certain patents. Copies of this Notice of Warning were also sent to plaintiffs' Korean-speaking dealers and prospective dealers in an effort to take over plaintiffs' business of selling the wet cleaning machinery. To this same end, defendants Eui Seob Kim, Green Sense, and others at their direction contacted plaintiffs' dealers, falsely leading them to believe that plaintiffs were cheats and frauds, that plaintiffs were bankrupt and out of business, that plaintiffs could not service or repair the wet cleaning machinery, and that plaintiff Kim had fled to Mexico.

As a result of the foregoing actions, plaintiffs allege, <u>inter alia</u>, five claims, which defendants Eui Seob Kim, Chang Hi Kim, Green Sense, and BFTC Co., Ltd. contend are insufficient: libel against Eui Seob Kim, Chang Hi Kim, Moon, Park, and BFTC Co. (Count V); slander against Eui Seob Kim and Green Sense (Count VII); tortious interference with contractual relations against Eui Seob Kim, Park, Moon, Green Sense and BFTC Co. (Count X); tortious interference with contractual relations against Chang Hi Kim, Park, and Moon (Count XI); and tortious interference with business relations and prospective economic advantage against Eui Seob Kim, Chang Hi Kim, Park, Moon, Green Sense, and BFTC Co. (Count XII).

# DISCUSSION

## I. Standards for a Motion to Dismiss

Defendants Eui Seob Kim, Chang Hi Kim, Green Sense, and BFTC Co., Ltd. have moved to dismiss Counts V and VII for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under this Rule is to test the sufficiency of the complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, the motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003).

The consideration of a Rule 12(b)(6) motion is restricted to the pleadings, which include the complaint and any exhibits attached thereto. Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002). Accordingly, "where a plaintiff attaches documents to his complaint and relies upon the documents to form the basis of a claim or part of a claim, dismissal is appropriate if the document negates the claim." Id. at 754.

## II. Count V: Libel

Defendant Eui Seob Kim, has moved to dismiss Count V as against himself, arguing that plaintiffs cannot prove he published the allegedly defamatatory Notice of Warning. Illinois law[1] treats claims for libel and slander the same; one set of rules apply to defamatory statements, regardless of whether they are written or oral. Bryson v. News America Publications, Inc., 672

---

[1] The parties agree that Illinois law is controlling of the non-federal claims.

N.E. 2d 1207, 1215, (Ill. 1996). To state a claim for defamation a plaintiff must allege that:

"(1) the defendant made a false statement concerning the plaintiff; (2) there was an unprivileged publication of the defamatory statement to a third party by defendant; and (3) publication of the defamatory statement damaged the plaintiff." Brennan v. Kadner, 814 N.E.2d 951, 956 (Ill. App. Ct. 2004). Illinois differentiates between defamation per se, statements so inherently harmful that damages are presumed, and defamation per quod, statements that are not facially defamatory and require extrinsic evidence of special damages. Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). There are five specific categories of statements considered defamatory per se: (1) commission of a criminal offense; (2) infection with a venereal disease; (3) inability to perform or want of integrity in the discharge of duties of public office; (4) fornication or adultery; or (5) words that prejudice a party in her trade, profession, or business. Id.

Count V of plaintiffs' complaint does not address whether the allegedly tortious statements are defamatory per se or per quod. The alleged defamatory writing, the Notice of Warning sent to plaintiffs' dealers and distributors, does, however, contain a series of accusations that are facially prejudicial to plaintiffs' business reputation. The Notice of Warning accuses plaintiffs of misappropriating funds, being untrustworthy, betraying associates, lacking technological skills, and being insecure in their business. Defendant Eui Seob Kim does not dispute that these statements are defamatory per se. Rather, he argues that plaintiffs have not alleged that he published the statements, pointing out that the Notice of Warning, a purported

copy of which is attached as an exhibit to plaintiffs' complaint,[2] does not list his name as an author.

Defendant Eui Seob Kim contends that the absence of his name negates the allegation that he sent the letter and, therefore, plaintiffs cannot prove that he published the alleged libel. This argument is without merit. In their complaint, plaintiffs have alleged that defendant Eui Seob Kim is an author of the Notice of Warning, and that he published it to plaintiffs' dealers. For the purposes of a 12(b)(6) motion to dismiss, this fact, like all other well-pled facts, must be "accepted as true and construed in favor of the plaintiff." Hickey v. OBannon, 287 F.3d 656, 657 (2002). The fact that defendant Eui Seob Kim's name is not listed at the bottom of the document does not, as a matter of law, negate the possibility that he in fact authored the statement. The motion to dismiss Count V as against Eui Seob Kim is, therefore, denied.

## III. Count VII: Slander

As stated above, the elements of a slander claim are identical to those for a claim of libel, namely, an unprivileged publication of damaging false statements about the plaintiff to third parties. Brennan, 814 N.E.2d at 956. Defendants Eui Seob Kim and Green Sense argue that Count VII must be dismissed for failing to state a claim for slander because, according to defendants, the complaint does not explain how the alleged defamatory statements are attributable to them. This argument is also unavailing. Plaintiffs do not allege that either

---

[2]Both a Korean-language copy and English translation of the Notice of Warning are attached as exhibits to the complaint. While defendants contest the accuracy of the English translation, such dispute raises a question of fact (United States v. Fuji, 301 F.3d 535, 540 (7th Cir. 2002)), which must be construed in favor of plaintiffs when considering a motion to dismiss.

defendants Eui Seob Kim or Green Sense directly made any defamatory statements. Plaintiffs' complaint alleges only that defendants Eui Seob Kim and Green Sense "through [Green Sense's] principles, agents and/or employees, including one Dae Dong Oh, and others at Defendants' direction" made defamatory statements concerning plaintiffs. Plaintiffs' claim thus appears to rest upon a theory of respondeat superior, which can be applied to a defamation action. Douglass v. Hustler Magazine, 769 F.2d 1128, 1140 (7th Cir. 1985). As a company, Green Sense can act only through its employees. Shager v. Upjohn Co., 913 F.2d 398, 404 (7th Cir. 1990). Thus, defendant Green Sense is subject to liability for slanders made by its employees within the scope of their employment. Maddie v. Siebel Systems, Inc., 2004 WL 2515827, at *3 (N.D. Ill. 2004).

Likewise, defendant Eui Seob Kim, as a partial owner of Green Sense, can be subject to vicarious liability for directing such employees to make slanderous statements in the course of their employment. See Davila v. Yellow Cab Co., 776 N.E.2d 720, 723, 727 (Ill. App. Ct. 2002) (explaining that an employer can be liable for the intentional torts of an employee committed within the scope of the employment, and that the relationship between two parties is a question of fact). Plaintiffs need allege only that the defamatory statements were made by defendants' employees, at defendants' direction, while these persons were in the scope of their employment. Count VII meets these minimal requirements. Allegations that the slanderous statements, made by employees, agents, and principles, were made at defendants' direction are sufficient to plead a claim for slander against defendants Eui Seob Kim and Green Sense. More specific facts, including the names of these employees, the manner and place that the statements were made,

and the scope of their employment are properly addressed in discovery and need not be recited at the initial pleading stage. Accordingly, defendants' motion to dismiss Count VII is denied.

## IV: Standards for a Motion for More Definite Statement of Facts

Under Federal Rule of Civil Procedure 12(e), a more definite statement of facts is necessary only where the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The degree of specificity required must be measured against the lenient notice-pleading standard employed by the federal courts. Herrera v. Rector, 2004 WL 2047562, at *2 (N.D. Ill. 2004). To meet this standard, plaintiffs need only allege "a short and plain statement of the claim showing that [they are] entitled to relief." Fed. R. Civ. P. 8 (a) (2). Accordingly, Rule 12 (e) motions are generally disfavored and should be granted only when the notice function of the complaint is undermined by a pleading that "'is so unintelligible that the movant cannot draft a responsive pleading.'" Remien v.EMC Corp., 2004 WL 2381876, *2 (N.D. Ill. 2004) (quoting United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc., 664 F. Supp. 298, 303 (N.D. Ill. 1987)).

## V. Counts X and XI: Tortious Interference with Contractual Relations

In Count X, plaintiffs allege that defendants Eui Seob Kim, Park, Moon, Green Sense, and BFTC Co., aware that Chang Hi Kim had entered into an exclusive distribution contract with plaintiffs, intentionally and maliciously induced Chang Hi Kim to breach the contract, thereby damaging plaintiffs. Similarly, in Count XI, plaintiffs allege that defendants Chang Hi Kim, Park, and Moon, aware that BFTC Co. had entered into a sales contract with plaintiffs,

9

intentionally and maliciously induced Chang Hi Kim to breach the contract, thereby damaging plaintiffs.

The elements of a claim for intentional interference with contractual relations under Illinois law are: (1) the existence of a valid and enforceable contract between plaintiff(s) and another; (2) defendants' awareness of the contractual relation; (3) defendants' intentional and unjustified inducement of a breach the contract, (4) a subsequent breach by the other, caused by defendants' wrongful conduct; and (5) damages. Von der Ruhr v. Immtech Int'l, Inc., 326 F. Supp. 2d 922, 927 (2004) (quoting HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 676 (Ill. 1989)). Defendants have moved for a more definite statement of facts concerning both counts, arguing that the claims do not specifically identify how defendants induced the respective breaches. Defendants contend that plaintiffs have failed to allege specific facts supporting these claims and instead offer only conclusory averments.

It is well settled that a plaintiff need not prove each element of a tortious interference claim with factual specificity. Jamison v. UGN, Inc., 2003 WL 22715810, at *3 (N.D. Ill. 2003). Conclusory factual allegations are permissible within the liberal pleading requirements of Fed. R. Civ. P. 8. Id. (citing Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2003)). Plaintiffs in the instant case plead facts sufficient to state a claim for intentional interference with the Chang Hi Kim sales contract. Plaintiffs allege that the sales contract existed and that defendants Eui Seob Kim, Park, Moon, Green Sense, and BFTC Co., had knowledge of the contract. Plaintiffs allege that these defendants intentionally and maliciously induced Chang Hi Kim to breach the sales contract as part of a collusive effort to destroy plaintiffs' business. Finally, plaintiffs allege that they were damaged by Chang Hi Kim's

10

breach. These allegations properly establish the requisite elements of intentional interference with contractual relations and provide defendants with notice as to the substance of the claims. The specific facts requested by defendants, relating to how the intentional interferences alleged in Count X were accomplished, are appropriately developed during discovery.

The interferences alleged in Count XI, however, raise different issues that entail slightly different pleading requirements. Citing to George A. Fuller Co. v. Chicago College of Osteopathic Medicine, 719 F.2d 1326, 1333 (7th Cir. 1983), defendants argue that plaintiffs must plead a lack of justification and privilege in order to state a claim of intentional interference with a corporate contract against officers of the contracting corporation. This proposition is founded upon the qualified privilege extended to corporate officers when acting to influence actions of their corporation. MidAmerican Energy Co. v. Utility Resources Corp. 2003 WL 22359526, at *2 (N.D. Ill. 2003). In Count XI, the defendants who are alleged to have tortiously interfered with plaintiffs' contract with defendant BFTC Co., namely defendants Chang Hi Kim, Park, and Moon, are also alleged to be partial owners or officers of BFTC Co. Accordingly, the qualified privilege extended to these defendants as corporate officers requires plaintiffs to plead a lack of justification. By way of example, "a breach induced solely for the defendant's gain, or solely for the purpose of harming the plaintiff is not justified because such conduct would not have been done to further the client's business." Id.

Under the pleading standards of Illinois, plaintiffs would have to specifically allege facts from which it can reasonably be inferred that defendants' conduct was unjustified. Id. Under the liberal notice pleading standards of the federal courts, on the other hand, plaintiffs need not allege specific facts. In the context of intentional interference with contractual relations, the

11

terms "unjustified" and "malicious" are substantially synonymous. Id. Thus, "where the conduct of a defendant in an interference with contract action is privileged, it is the plaintiff's burden to plead and prove that the defendant's conduct was unjustified or malicious." Id. Thus, plaintiffs' allegation that defendants maliciously induced BFTC Co.'s breach its contract as part of a colluded effort to destroy plaintiff's business is sufficient to state a claim for intentional interference, and specific enough to allow defendants to draft a responsive pleading. Accordingly, defendants' motions for more definite statements regarding Counts X and XI are denied.

## VI. Count XII: Tortious Interference with Prospective Economic Advantage

Under Illinois law, to state a claim for tortious interference with prospective economic advantage, plaintiffs must allege that: (1) the plaintiff had a reasonable expectation of entering into a valid business relationship; (2) the defendants knew of this expectancy; (3) the defendants intentionally and unjustifiably interfered to prevent the expectancy from being fulfilled; and (4) damages. Wilton Partners III LLC v. Gallagher, 2003 WL 22880834, at *3 (N.D. Ill. 2003). Defendants Eui Seob Kim, Chang Hi Kim, Park, Green Sense, and BFTC Co. argue plaintiffs have failed to adequately allege the first and third elements with appropriate specificity.

First, defendants argue that plaintiffs have failed to sufficiently identify specific dealers or customers that were lost as a result of the alleged interferences. According to defendants, plaintiffs must allege specific facts establishing interference with specific dealers and prospective dealers. Count XII of plaintiffs' complaint alleges that defendants interfered with plaintiffs' business relationships and with their existing dealers and distributors, and with plaintiffs'

12

expected relationships with other prospective dealers. These allegations, identifying a limited class of dealers and distributors, are more than sufficient to state a claim for tortious interference. "[T]he Federal Rules do not require [a plaintiff's] complaint allege the specific third party or class of third parties with whom he claims to have had a valid business expectancy." Cook v. Winfrey, 141 F.3d 322, 328 (7th Cir. 1998). Further, plaintiffs' identification of existing dealers and prospective dealers as the objects of its business expectancies provides defendants with notice adequate to plead a response. The specific names and identities of the dealers and distributors allegedly contacted by defendants are facts appropriately handled through discovery.

Defendants Eui Seob Kim, Chang Hi Kim, Park, Green Sense, and BFTC Co. also argue that a more definite statement is necessary to identify when, where, and how they alleged interferences occurred. Count XII of plaintiffs' complaint is based on the allegation that since November 2003, defendants have engaged in a collusive effort to destroy plaintiffs' business reputation and to take over plaintiffs' market position. As part of this effort, according to plaintiffs, defendants knowingly and maliciously interfered with plaintiffs' business relationships with plaintiffs' existing and prospective dealers. Specifically, plaintiffs allege that defendants Eui Seob Kim, Chang Hi Kim, Park, Green Sense, and BFTC Co. sent the aforementioned Notice of Warning to plaintiffs' existing distributors and dealers and otherwise contacted other dealers with whom plaintiffs had a reasonable expectation of entering into valid business relationships. As a result of these actions, plaintiffs allege that they have lost and will continue to lose sales and profits. Again, because these allegations are sufficient to put defendants on notice as to when, where, and how the alleged interferences occurred, defendants' motion for more definite statement of Count XII is denied.

## CONCLUSION

For the reasons stated herein, defendants Eu Seob Kim, Chang Hi Kim, Green Sense, and BFTC Co. motions to dismiss Counts V and VII of plaintiffs' complaint and for more definite statements of facts concerning Counts X, XI, and XII are denied.

**ENTER:** **March 9, 2005**

Robert W. Gettleman
United States District Judge